Cheat Valley Railroad Company *v.* Humes, Appellant.

*Corporations—Treasurer—Distribution of money—Dividends.*

The treasurer of a corporation is personally liable to the corporation for moneys of the company which he has distributed to himself and other stockholders without any authority from the board of directors, and without any dividend having been declared.

Argued March 13, 1905.   Appeal, No. 320, Jan. T., 1904, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1903, No. 287, on verdict for plaintiff in case of Cheat Valley Railroad Company v. Hamilton B. Humes, administrator of Samuel Humes, deceased.   Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Assumpsit against the treasurer of a corporation to recover moneys alleged to have been wrongfully distributed by him. Before HART, P. J.

At the trial it appeared that the defendant was treasurer of the plaintiff, the Cheat Valley Railroad Company.   On June 1, 1903, the defendant received as treasurer $2,000 which were rentals due the plaintiff from the Buck Horn - Portland Cement Company.   Immediately thereafter he distributed the said sum to himself and two other stockholders, who practically owned all of the stock of the plaintiff.   He made this distribution without any authority from the directors, and without any dividend having been declared.   On June 5, 1903, all of the stock of the plaintiff company was sold and assigned by its then stockholders to another party.   On the same day the defendant resigned his position as treasurer.   New officers and new directors were elected, and this suit was subsequently brought against the defendant.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error   assigned* was in giving binding instructions for plaintiff.

*John J. Reardon* for appellant.

*C. La Rue Munson*, with him *Addison Candor*, for appellee.

PER CURIAM, March 20, 1905:

The reasons in his charge amply sustain the learned judge of the court below in his peremptory instruction to find a verdict for plaintiff.   The money in the hands of the corporation treasurer belonged to the corporation, this plaintiff; except under the charter and by-laws of the corporation it could not

lawfully be drawn therefrom. The method by which defendant and his colleagues obtained it is wholly unlawful.

The assignments of error are overruled and the judgment is affirmed.